UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-12231 NG

| | |
|---|---|
| ACCESS 4 ALL, INC. a Florida not for profit corporation, and FELIX ESPOSITO, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>47 HUNTINGTON AVENUE, LLC, a Massachusetts Limited Liability Company,<br><br>Defendant. | Case No.<br><br>Magistrate Judge |

FILED
IN CLERK'S OFFICE
2004 OCT 22 P 4:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE _Bowler_

RECEIPT # _59565_
AMOUNT $_150_
SUMMONS ISSUED _Yes_
LOCAL RULE 4.1 _✓_
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. _TDM_
DATE _10/05/04_

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida not-for-profit corporation, and FELIX ESPOSITO, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, 47 HUNTINGTON AVENUE, LLC, a Massachusetts Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

1

2. Venue is properly in the United States District Court for the District of MASSACHUSETTS because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Plaintiff, Felix Esposito, is an individual residing at 5571 Lakeside Drive, #102, Margate, Florida 33063, in the County of Broward.

4. Plaintiff, ACCESS 4 ALL, INC., is a group formed under the laws of the state of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Drive, #505, Pompano Beach, Florida 33069.

5. Defendant's property, THE COPLEY SQUARE HOTEL is located at 47 Huntington Avenue, Boston, MA 02199 in the county of Suffolk.

## STATUTORY BACKGROUND

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

7. Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals

with disabilities continue to be a serious and pervasive social problem;

    c. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

    d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

    e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

8. Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

    a. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    c.    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

9. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

10. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

11. Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC.. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the

requirements of the ADA. One or more of it's members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

12. Plaintiff Felix Esposito is a Broward resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. Felix Esposito has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC. discussed above in paragraph 11.

13. The barriers to access at the property have endangered his safety.

14. ACCESS 4 ALL, INC. and Felix Esposito have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 19 of this complaint.

15. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as THE COPLEY SQUARE HOTEL, and is located at 47 Huntington Avenue, Boston, MA 02199.

16. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

17. Felix Esposito desires to visit THE COPLEY SQUARE HOTEL not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the individual Plaintiffs and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

## THE INSTANT CLAIM

19. The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of THE COPLEY SQUARE HOTEL has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. The ramps provided from the parking areas to the facility have slopes, side-slopes and/or cross-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

**Entrance Access and Path of Travel**

A. The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

B. There are ramps at the facility that do not have level landings, handrails and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

C. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

D. There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

E. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

F. There are elevators provided at the facility that do not comply with the standards prescribed in Section 4.10 of the ADAAG.

**Access to Goods and Services**

A. There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

B. There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

C. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

**Restrooms**

A. Toilet flush control not provided at side of entry which does not comply with the requirements of the ADAAG Section 4.16.3

**Accessible Guest Rooms**

A. The rooms designated for disabled use do not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG.

B. There is an insufficient number of compliant disabled rooms in violation of Section 9.

D. There are areas for storage provided without the clear floor space prescribed in Sections 4.2 and 9 of the ADAAG.

E. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

F. Shower does not have a mounted in-tub seat as per the requirements in Figure 33 and 34 in section 11-4.26.3.

G. The rooms for disabled use provide elements with controls/dispensers outside of the required ranges violating Sections 4.2 of the ADAAG.

H. The rooms for disabled use are not equipped with proper door hardware violating Sections 4.13.9 and 9 of the ADAAG.

I. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

J. The grab-bars in the restroom provided in the room designated for disabled use do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

K. The fixtures in the disabled use room have controls that are not easily operated with a closed fist in violation of the ADAAG.

L. The disabled rooms are not dispersed among the various classes of sleeping accommodations in violation of Section 9.1.4 of the ADAAG.

20. The discriminatory violations described in paragraph 19 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January

26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. The individual Plaintiff, the members of the Plaintiff's group and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

27. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter THE COPLEY SQUARE HOTEL to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

O. Oliver Wragg, Esquire
FULLER, FULLER AND ASSOC., P.A.
*Attorney for Plaintiffs*
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax

By: *[signature]*
O. Oliver Wragg, Esquire
Bar Number: (MA643152)

Date: 10-19-04

Complaint and Documents 47 Huntington Avenue LLC (mm 10-15-04).wpd