UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC., and FELIX ESPOSITO,

    Plaintiffs,

v.

47 HUNTINGTON AVENUE, LLC,

    Defendant.

Civil Action
No. 04-12231-NG

## ANSWER

Defendant 47 Huntington Avenue, LLC ("Defendant") responds to the separately numbered paragraphs of the Complaint as follows:

1. Admitted.

2. Admitted.

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 4.

5. Admitted.

6. Defendant admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 6.

7. Defendant admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 7.

# 2507840_v1

8. Defendant admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 8.

9. Defendant admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 9.

10. Defendant admits that the ADA is in effect and speaks for itself, but denies all other allegations of paragraph 10.

11. Denied.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant denies the allegations of paragraphs 20, but intends in good faith to conduct a site inspection at the Property (currently scheduled for January 27, 2005).

21. Defendant admits that the Act and regulations promulgated thereunder, as interpreted by applicable court decisions, define the scope of Defendant's obligations with respect to the subject Property, but denies all other allegations of paragraph 21.

22. Defendant admits that the Act and regulations promulgated thereunder, as interpreted by applicable court decisions, define the scope of Defendant's obligations with respect to the subject Property, but denies all other allegations of paragraph 21.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant denies that any injunctive relief is appropriate with respect to the subject Property.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Facilities modifications or accommodations which are readily achievable to improve access to the Property have either been accomplished, are in progress and nearing completion, or are planned for implementation in the near future as a result of proactive, voluntary efforts by Defendant to comply with the ADA.

### THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that the facilities and/or practice or policy modifications identified by plaintiff in the Complaint

have not been accomplished, the requested modifications would or may fundamentally alter the nature of the Property and its attendant services as a public accommodation.

### FOURTH AFFIRMATIVE DEFENSE

To the extent, if any, that architectural or other barriers to access to the subject Property for persons with disabilities, as alleged in the Complaint, have not been removed, such removal is not readily achievable and would impose an undue burden upon Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have waived the claims alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped to assert the claims alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations or by laches.

### NINTH AFFIRMATIVE DEFENSE

The Property is exempt from some or all of the requirements of the ADA and implementing regulations by reason of its historic nature and significance.

WHEREFORE, Defendant respectfully requests:

A.  that the Complaint be dismissed with prejudice;

B.  that Defendant be awarded its costs, including attorneys' fees; and

C.  that Defendant be granted other relief as is just and proper.

> 47 HUNTINGTON AVENUE, LLC
>
> By its attorneys,
>
> /s/ Gordon P. Katz
> Gordon P. Katz (BBO #261080)
> HOLLAND & KNIGHT LLP
> 10 St. James Avenue
> Boston, MA  02116
> Tel:  (617) 523-2700
> Fax:  (617) 523-6850
> Email:  gordon.katz@hklaw.com
>
> and

                                              <u>Of Counsel</u>:

                                              Mary A. Lau
Florida Bar No. 228303
LAU, LANE, PIEPER, CONLEY & McCREADIE, P.A.
100 South Ashley Drive, Suite 1700
P.O. Box 838
Tampa, FL  33601-0838
Tel:   (813) 229-2121
Fax:   (813) 228-7710
Email:  mlau@laulane.com

Dated:   January 5, 2005
         Boston, Massachusetts